UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA HARRIS,

       Plaintiff,                       Case No: 08-

  vs.

JUDGE MARGARET NOE,
in her official capacity.

       Defendants.

PITT, McGEHEE, PALMER, RIVERS & GOLDEN, P.C.
MICHAEL L. PITT P-24428
BETH M. RIVERS P-33614
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
mpitt@pittlawpc.com

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Sheila Harris files this complaint against Defendant for the following reasons:

### I. PARTIES

1.     Plaintiff, Sheila Harris ("Harris" or "Plaintiff"), is an individual who is a citizen of the State of Michigan.

2.     Defendant Judge Margaret Noe ("Noe" or "Defendant") is a Judge of the Lenawee County Probate Court for whom Plaintiff worked as a judicial secretary.

## II. JURISDICTION

3. Plaintiff's Constitutional rights upon which this action is brought are secured to the Plaintiff, by and through the Fifth and Fourteenth Amendments to the United States Constitution, and Plaintiff's causes of action are brought under 42 U.S.C. §1983. Plaintiff brings this action seeking declaratory relief to redress the deprivation of rights guaranteed to Plaintiff by the Constitution and laws of the United States. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. §§ 2201 and 2202 (declaratory relief).

## III. VENUE

4. Venue is proper because all events occurred in this judicial district.

## IV. FACTS

5. In April 1994, Plaintiff began working for Noe as a legal assistant and office manager.

6. At that time, in April 1994, Noe was an attorney in private practice in Lenawee County.

7. In July 1999, Noe became an assistant prosecuting attorney and since Plaintiff continued as her assistant, paralegal, and office manager, both she and Plaintiff became non-union employees of the County.

8. As a county employee, Plaintiff's employment was governed by a just-cause policy regarding termination.

9. In December 2005, Noe was appointed by the Governor to the position of Probate Court Judge for Lenawee County. Her appointment became effective on December 19, 2005.

10. In alignment with Noe's new appointment, Plaintiff was transferred to the position of legal secretary to the judge effective December 19, 2005.

11. Plaintiff worked diligently to become accustomed to her new role and immediately commenced her duties as the judge's assistant.

12. In January 2006, after approximately four weeks in her new position, Plaintiff met with Probate Court Administrator David Stanifer's ("Stanifer") office to discuss her new assignment. They discussed the voice mail system, scheduling the judge's docket and the computerized docketing and email merge systems. There was absolutely no discussion expressing or indicating that Plaintiff was not meeting Noe's performance expectations. At the conclusion of the conversation, Stanifer told Plaintiff that he thought she was doing a great job.

13. On February 2, 2006, Noe terminated Plaintiff's employment.

14. When Plaintiff asked Noe whether she had done anything wrong to justify termination, Noe told her, "You are an at-will employee. You are not going to get a reason." Noe then proceeded to tell Plaintiff that she was "an excellent paralegal and legal assistant."

15. Neither prior to nor during her short tenure as judge's secretary, was Plaintiff ever advised that her employment status had changed from "just cause" to "at-will" employment.

16. Plaintiff's first indication of the reason for her termination came from the Unemployment Commission's Notice of Determination which stated that she was fired from County employment for "failing to meet the employer's expectations of job performance."

17.     Plaintiff was never informed by Noe or Stanifer that she was not meeting performance expectations.

18.     Judge Noe directly or indirectly authorized the County to act as her agent to manage the employment of employees of the Courts or Judges, including Plaintiff, and to provide this group of employees with a progressive disciplinary policy and their constitutional due process rights to appeal adverse employment actions through arbitration.

19.     The County's non-union personnel handbook provides that employees of elected officials, such as Judges, are covered by the County handbook. It states that "the policies of this document apply to all employees of Lenawee County, unless already covered by a collective bargaining agreement, including employees of Elected Department Heads." Elected officials are explicitly defined in the handbook to include judges.

20.     The County has a progressive disciplinary policy which applied to Plaintiff pursuant to the County non-union handbook.

21.     Plaintiff was not disciplined under the policy, nor was she given any verbal or written warnings regarding deficiencies in her work performance.

22.     The County handbook also provides a process to appeal terminations.  In pertinent part, the policy states:

> "Step 1 -  An employee who claims a violation of any policy or procedure under this handbook must submit their written appeal within three (3) working days of its occurrence and ....".

23. Plaintiff's purported termination on February 2, 2006, was unconstitutional as a matter of law because Plaintiff, a public-sector employee, was entitled to but did not receive a pre-termination meeting wherein she would be presented with the charges against her and afforded an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985).

24. On January 26, 2007, in response to a request from Plaintiff's attorneys, a hearing was conducted in Adrian, Michigan. At this time, Plaintiff was presented with the charges against her and was provided an opportunity to respond. Plaintiff, Plaintiff's attorney, Defendant Noe, David Stanifer, and the County's attorney, Richard Fanning, were present.

25. On January 30, 2007, Plaintiff timely filed her appeal and requested that it be processed

26. The County asserted that the appeal was untimely because it was not asserted within three working days of the purported February 2, 2006, termination.

## COUNT I
### (DECLARATORY JUDGMENT)

27. Plaintiff seeks a declaration that:

    a)    As a judicial secretary to Judge Noe, she was employed pursuant to the terms of the County employee handbook;

    b)    she was entitled to a *Loudermill* hearing prior to termination and did not receive such a hearing until January 26, 2007;

    c)    her January 30, 2007 appeal was timely;

    d)    the appeal process contained in the County handbook applies to her because of her status as an employee of a Lenawee County Probate Judge; and

    e)    the Defendants should pay the cost of arbitration. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003)

28.     The declaratory relief is necessary for Plaintiff to appeal her termination through County's grievance/arbitration process.

## RELIEF REQUESTED

For these reasons, Plaintiff asks for judgment against Defendant for the following:

    A.    An Order declaring her rights as set forth above.

    B.    Costs;

    C.    Attorney fees; and,

    D.    Any other relief the Court deems appropriate.

PITT, McGEHEE, PALMER, RIVERS, & GOLDEN

By: _____
MICHAEL L. PITT (P24428)
BETH M. RIVERS (P33614)
Attorney for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

DATED: April 25, 2008
P:\CLIENTS\H\Harris, Sheila\2ND COMPLAINT.wpd