UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA HARRIS,
        Plaintiff,

v.                                Case No. 08-11755
                                    Honorable Patrick J. Duggan

JUDGE MARGARET NOE,
in her official capacity,
        Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 17, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiff Sheila Harris ("Plaintiff") filed this declaratory judgment action after Defendant Margaret Noe ("Defendant"), formerly a Lenawee County Probate Court Judge, terminated Plaintiff as her secretary on February 2, 2006.[1] Plaintiff asserts that the termination violated her rights under the Fifth and Fourteenth Amendments to the United States Constitution and she seeks a declaration that: (1) her employment was governed by the terms of the Lenawee County Personnel Handbook for Non-Union County Employees ("County Handbook" or "handbook"); (2) she was entitled to a hearing prior to her termination in accordance with *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487 (1985); (3) her January 30, 2007 appeal was timely; (4) the appeals

---

[1] Defendant currently is a judge with the Circuit Court for Lenawee County. (Def.'s Mot. at 1.)

process set forth in the County Handbook applies to her; and (5) "Defendants" should pay the cost of arbitration.  Presently before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  The motion has been fully briefed.  On March 24, 2009, this Court issued a notice to inform the parties that it is dispensing with oral argument with respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

## I.      Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact."  *Id.* at 323.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient

evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255.  The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant."  *See id.*

## II.     Factual and Procedural Background

In 1994, Plaintiff began working as a legal assistant and office manager for Defendant, who was in private practice at the time.  In 1999, Lenawee County and the State of Michigan Family Independence Agency ("FIA") entered into a one-year contract wherein the FIA fully funded an attorney and legal secretary for part-time legal services on behalf of the FIA.  The contract was managed through the Office of the Lenawee Prosecuting Attorney and the part-time attorney was given the title of Assistant Prosecuting Attorney while working under the contract.

At that time, Defendant was awarded the part-time attorney contract and she hired Plaintiff to perform the part-time secretarial work.  At Defendant's instruction, Plaintiff reported to the Lenawee County administrator's office to complete new hire employment paperwork.  Plaintiff received a copy of the County Handbook at this time.  Defendant maintained her private practice during the contract.  The FIA contract was renewable annually and Defendant was awarded the contract from 1999 through 2005.

On December 19, 2005, Defendant was appointed as Probate Judge of Lenawee

County. Defendant hired Plaintiff to serve as her judicial secretary. Approximately six weeks later, on February 2, 2006, Defendant fired Plaintiff. Plaintiff claims that she was not given any notice prior to her termination and was not provided an explanation for the termination. When she asked Defendant for a reason, Defendant responded that she did not have to provide a reason.

Plaintiff, through counsel, requested a hearing regarding her termination, claiming that she was entitled to such a hearing pursuant to the County Handbook. Defendant met with Plaintiff on January 26, 2007, and informed Plaintiff of the reason for her termination. Plaintiff immediately sought an "appeal" pursuant to the dispute resolution procedures in the County Handbook. On February 12, 2007, Defendant sent a letter to Plaintiff, stating that her appeal was denied for the following reasons: (1) she was an at-will employee and her employment was not covered by the County Handbook; (2) even if the policies in the County Handbook applied to her employment, there was just cause for her termination; and (3) her "appeal" was untimely and improperly made under the handbook's procedures. (Def.'s Mot. Ex. 8.)

On May 3, 2007, Plaintiff initiated a lawsuit against Lenawee County raising the same claims that she asserts in the pending lawsuit. Lenawee County thereafter filed a motion for summary judgment, arguing in part that Plaintiff was a court employee and not a county employee and therefore it was not a proper defendant. This Court agreed and dismissed Plaintiff's complaint against the county on January 10, 2008. On April 25, 2008, Plaintiff initiated the present action against Defendant.

### III. Defendant's Arguments in Support of Summary Judgment

Defendant raises several arguments in support of her summary judgment motion. The Court only will address those that are relevant to Plaintiff's indicated theory of liability.[2] Defendant first argues that, although the chief judges of the Michigan courts are "encourage[d]" to adopt the employment policies of the funding unit (Lenawee County in this case), there is no evidence that the Lenawee County courts adopted the County Handbook's just-cause termination policy or it's grievance/arbitration policies. Second, Defendant argues that Plaintiff's claim is barred by the Eleventh Amendment, as Defendant is sued in her official capacity. Third, Defendant argues that, with respect to employees of elected officials (such as Defendant), the County Handbook expressly states that its rules and policies do not apply to the extent they infringe upon the rights within the statutory jurisdiction of the elected official.

### IV. Applicable Law and Analysis

---

[2]For example, Defendant spends considerable time in her motion arguing that Plaintiff, as a judicial secretary, was a State rather than a county employee. Plaintiff indicates in response that she is not claiming that she was a county employee, only that the policies in the County Handbook applied to her as they were adopted by the probate court. Defendant also argues that Plaintiff's "principal-agency theory of liability" cannot succeed. Plaintiff responds that she is not relying on such a theory of liability. Defendant also argues that, although a promise of just cause employment may be implied based on certain factors, the implied contract doctrine and the due process protections set forth in *Loudermill* do not extend to public service employees. Plaintiff, however, is basing her entitlement to just cause employment on her assertion that the probate court adopted the just cause provision of the County Handbook. She sets forth no other evidence to establish an implied promise of continued employment. (*See* Def.'s Reply at 2-3; Pl.'s Resp. at 2-4.)

Plaintiff's claim against Defendant is premised on her assertion that, pursuant to State Court Administrative Order 1998-5[3], the Lenawee County probate court adopted the personnel policies– specifically the just cause provision and dispute resolution process– outlined in the County Handbook.  Plaintiff presents evidence to create a genuine issue of material fact with respect to whether the probate court adopted the County Handbook, *generally*.  (*See* Def.'s Mot. Ex. 12 at 8-11.)  This Court nevertheless concludes that, even if the probate court adopted some of the handbook's personnel policies, the just cause provision and dispute resolution process contained therein did not apply to Plaintiff in her position as Defendant's judicial secretary.

"'Generally, and under Michigan law by presumption, employment relationships are terminable at the will of either party.'" *Barachkov v. 41B District Court*, No. 06-2512, 2009 WL 415713, at *7 (6th Cir. Feb. 20, 2009) (unpublished opinion) (quoting *Lytle v. Malady*, 458 Mich. 153, 163, 579 N.W.2d 906, 910 (1998)).  This presumption of at-will employment "can be overcome by 'proof of either a contract provision for a definite term of employment, or one that forbids discharge absent just cause.'" *Id.*  Under Michigan law, there are three ways a discharged public employee may demonstrate such contractual terms:

> (1) proof of a contractual provision for a definite term of

---

[3]As relevant to this lawsuit, Administrative Order 1998-5 provides that, "to the extent possible, consistent with the effective operation of the court, the chief judge must adopt personnel policies consistent with the written employment policies of the local funding unit."  (*See* Def.'s Mot. Ex. 1.)

> employment or a provision forbidding discharge absent just cause; (2) an express agreement, either written or oral, regarding job security that is clear and unequivocal; or (3) a contractual provision, implied at law, where an employer's policies and procedures instill a legitimate expectation of job security in the employee.

*Id.*, at *7-8 (quoting *Lytle*, 458 Mich. at 164, 579 N.W.2d at 911). To establish a contractual provision forbidding discharge absent just cause and to overcome the presumption of at-will employment, Plaintiff relies on the statement in the County Handbook that "[d]ischarge or discipline will be administered for just cause" (Def.'s Mot. Ex. 11 at 8.)

As an initial matter, SCAO 1998-5 neither requires a chief judge to adopt the exact personnel policies and procedures of the local funding unit nor every policy and procedure of the unit. Instead, the administrative order directs the chief judge to adopt personnel policies "*consistent with*" those of the funding unit "*to the extent possible, consistent with the effective operation of the court.*" (Def.'s Mot. Ex. 1 (emphasis added).) Lenawee Probate Court Administrator David Stanifer testified during his deposition in this case that when the County Handbook was first put in place, the presiding judge of the Lenawee County Circuit Court at the time, Rex B. Martin, issued a letter indicating that the courts will "comply as long as the Judges agree with the procedures and the documents within that handbook." (Def.'s Mot. Ex. 12 at 9.) There is evidence that the court adhered to the County Handbook's policies with respect to fringe-benefits and office hours; however, there is no evidence that the court specifically adopted or adhered to any other policies or

7

procedures consistent with the handbook, such as the just-cause provision or dispute resolution procedures on which Plaintiff relies.[4]  Further, as the Michigan Supreme Court noted in *Lytle*: "A lack of specificity of policy terms or provisions, or a policy to act in a particular manner as long as the employer so chooses, is grounds to defeat any claim that a recognizable promise in fact has been made."  458 Mich. at 165, 579 N.W.2d at 911.  Thus the Court finds no contract or promise of just cause employment to overcome the presumption that Plaintiff's employment was at-will.[5]  For the same reason, the Court finds no contract or promise that Plaintiff would be entitled to the dispute resolution procedures set forth in the County Handbook.

Additionally, the Court concludes that the language of the County Handbook exempts a judge's personal staff from the dispute resolution process described therein.  The handbook provides: "Though employees of Elected Officials are covered by this handbook, the rules and policies contained herein do not infringe upon the certain rights within the statutory

---

[4]Plaintiff indicates that there is no evidence that the judges disagreed with the handbook or stated that they would not abide by its terms.  (Pl.'s Resp. at 5.) This Court believes, however, that the state court must affirmatively adopt policies consistent with those of the funding unit.  The funding unit's policies are not automatically adopted.  Notably, the evidence is not that Judge Martin "adopted" the County Handbook, only that he indicated the court would *comply* with its procedures *and* only "*as long as the Judges agree* with the procedures . . ."  (Def.'s Mot. Ex. 12 at 8 (emphasis added).)

[5]In light of the Court's conclusion that Plaintiff did not have a property right in continued employment based on the policies in the County Handbook, and Plaintiff offers no evidence to otherwise find a contract provision forbidding discharge absent just cause, the procedural protections set forth in *Loudermill* are inapplicable.  *See, e.g., Barachkov*, 2009 WL 415713, at *7.

8

jurisdiction of the elected officials." (*Id.* at 2.) Michigan Court Rule 8.110 grants the chief judge of a court with the power to "supervise the performance of all court personnel, with authority to hire, discipline, or discharge such personnel, with the exception of a judge's secretary and law clerk, if any; . . ." MCR 8.110(C)(3)(d). The Michigan State Court Administrative Office interprets the last clause of this rule as providing each judge with the plenary authority to hire, discipline, or discharge his or her law clerk and secretary. (Def.'s Reply Ex. 14 ¶ 5.) Subjecting a judge's decision to terminate a member of his or her staff to the dispute resolution process set forth in the County Handbook would infringe on that authority.

This is because adherence to the dispute resolution process would grant someone other than the judge with the authority to decide whether a secretary or law clerk should remain on the judge's staff. As the handbook provides, an employee disputing his or her termination first must submit a written appeal in the following sequence: (1) immediate supervisor, (2) department head, (3) the county administrator, and (4) Lenawee County Personnel Committee of the Board of Commissioners. (Def.'s Mot. Ex. 11 at 9.) Employees seeking to appeal their terminations further must submit their appeal to binding arbitration through the processes of the American Arbitration Association. (*Id.* at 9-10.) The decision of the arbitrator constitutes the final, binding decision. (*Id.*)

Moreover, adherence to this process for employment decisions concerning a judge's staff would grant the county authority over court personnel decisions. Yet it is well established under Michigan law that judiciary employees, although paid by the funding unit,

9

are court and not county employees. *Judges of the 74th Judicial District v. Bay County*, 385 Mich. 710, 723-24, 190 N.W.2d 219, 224 (1971); *Ottawa County Controller v. Ottawa Probate Judge*, 156 Mich. App. 594, 603, 401 N.W.2d 869, 873 (1986) (citing *Livingston County v. Mahinske*, 393 Mich. 265, 225 N.W.2d 352 (1975)). Further, granting the county such authority would violate the Separation of Powers Clause in the Michigan Constitution. As the Michigan Supreme Court has held, this clause requires that each branch of government maintain exclusive control over employees within the branch. *Judicial Attorneys Ass'n v. Michigan*, 459 Mich. 291, 586 N.W.2d 894 (1998). Holding unconstitutional the state legislature's enactment of a statute deeming all district, circuit, and probate court employees to be employees of the county, the Court stated:

> . . . [T]he case law, taken as a whole, has come to strongly affirm that the fundamental and ultimate responsibility for all aspects of court administration, including operations and personnel matters within the trial courts, reside within the inherent authority of the judicial branch.
>
> . . .
>
> . . . From a separation of powers standpoint, it is troubling that persons working solely within one branch be regarded as employees of another branch of government. *Employing and managing personnel to carry out day-to-day operations is one of the most basic administrative functions of any branch of government.* . . . pursuant to the doctrine of separation of powers, *one branch of government should not be subject to oversight by another branch in personnel matters*.

*Id*. at 299-301 (emphasis added). Applying the County Handbook's dispute resolution procedures to probate court personnel, however, would give one branch of government

10

oversight over another branch in personnel matters, as those procedures require an appeal to the Lenawee County Board of Commissioner.

In summary, the Court concludes that the just-cause employment provision and dispute resolution procedures contained in the County Handbook did not apply to Plaintiff's position as Defendant's judicial secretary. Thus the Court holds that Plaintiff is not entitled to the declaratory relief she seeks in this case. Based on this conclusion, the Court finds it unnecessary to address Defendant's additional arguments in support of its summary judgment motion.[6]

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) is **GRANTED**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Cynthia L. Reach, Esq.
Beth M. Rivers, Esq.

---

[6] The Court notes, however, that Defendant is not entitled to sovereign immunity with respect to Plaintiff's lawsuit as a whole. Such "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc). Here, Plaintiff is seeking to compel the arbitration of her employment claim. Putting aside the issue of whether any actual relief is possible through arbitration (as Defendant argues), Plaintiff's request is for prospective injunctive relief. Defendant is immune, however, from Plaintiff's additional request for a declaration that "Defendants" must pay the costs of arbitration– a claim for money damages.